David Germain

Plaintiff,

V.

Equifax Information Services, LLC.,

Defendant.

Civil No.

JURY TRIAL DEMANDED

JAN 27 2026 at 11:09
FILED-USDC-CT-HARTFORD

## INTRODUCTION

This is a civil action for actual, statutory, and punitive damages arising from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by Equifax Information Services, LLC ("Equifax").

Equifax denied David Germain his basic legal right: a full, clear, and accurate disclosure of all information in his consumer file. Their omission of critical account data denied David the ability to make sense of his own credit history and to dispute errors that were costing him peace of mind, opportunity, and financial stability.

## JURISDICTION AND VENUE

Jurisdiction is conferred upon this Court by 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the violations occurred in the State of Connecticut, where Plaintiff resides.

## PARTIES

Plaintiff David Germain is a natural person and a resident of Connecticut. He is a "consumer" as defined in 15 U.S.C. § 1681a(c).

Defendant Equifax Information Services, LLC is a consumer reporting agency under 15 U.S.C. § 1681a(f), organized under the laws of Georgia, with a principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

## FACTUAL ALLEGATIONS

On or about January 22, 2026, David Germain requested a full copy of his credit file from Equifax through the official free channel at www.annualcreditreport.com.

Equifax responded with a digital file that was incomplete. It lacked:

- Full account numbers
- Furnisher-specific internal codes
- Payment histories
- Compliance Condition Codes
- Any "Date of First Delinquency" for multiple tradelines

Several tradelines were reported by furnishers, including American Express, Citi Bank, and JPMCB Card Services, yet each one lacked critical identifying data or payment history, making it impossible for David to determine if those accounts were accurate, legitimate, or even his.

## COUNT I – VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Failure to Clearly and Accurately Disclose File Contents – 15 U.S.C. § 1681g(a))

Plaintiff re-alleges all paragraphs above as if fully set forth herein.

Equifax failed to disclose all information in Plaintiff's file, including:

- Full account numbers
- Payment history profiles
- Dates of first delinquency
- Internal furnisher codes
- Furnisher-reported disputes or special comments

Equifax's failure was:

- Willful, within the meaning of 15 U.S.C. § 1681n
- Alternatively, negligent, under 15 U.S.C. § 1681o

As a result, David Germain suffered:

- Actual damages (denied credit, out-of-pocket costs)
- Emotional distress (anxiety, insomnia, humiliation)
- Mental anguish (depression, frustration, helplessness)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Award statutory damages of up to $1,000 under 15 U.S.C. § 1681n(a)(1)(A);
2. Award actual damages under § 1681o(a)(1);
3. Award punitive damages under § 1681n(a)(2);
4. Award attorney's fees and costs under §§ 1681n(a)(3) and/or 1681o(a)(2);
5. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all triable issues.

DATED: January 27, 2026

Respectfully submitted,

David Germain

19 Riley Rd. APT6

Weatogue, CT 06089-7973

provenwinnersrealty@gmail.com

*Pro Se Plaintiff*

## EXHIBITS

- **Exhibit A:** Equifax disclosure (January 22, 2026)
- **Exhibit B:** FTC Advisory Letter (Darcy, June 30, 2000)
- **Exhibit C:** Notes/screenshots showing missing fields and codes

When David applied for auto financing, he was denied. The adverse action letter directly referenced Equifax as the source of negative information.

David spent hours trying to understand the vague codes and fragmented data Equifax provided. There was no account-level context, no way to confirm accuracy, no path forward to dispute.

He was left anxious, sleepless, and increasingly stressed at work. David's role as a production supervisor demands focus, but his mental clarity was compromised by constant fear that his financial reputation was being damaged behind his back.

He incurred out-of-pocket expenses seeking legal advice and paying for third-party credit reports in an attempt to make sense of what Equifax failed to provide.

Equifax's refusal to provide a complete file violated 15 U.S.C. § 1681g(a). That section of the FCRA requires CRAs to provide consumers "all information in the consumer's file at the time of the request" in a clear and accurate manner.

The FTC has made clear that "file" means all information "recorded and retained" by the CRA, including payment histories, codes, and account-specific metadata. (FTC Advisory Letter, Darcy v. Equifax, June 30, 2000). Courts have agreed. See *Washington v. Equifax*, No. 3:19-cv-00154 (M.D. Tenn. 2019).

Equifax retains and uses full consumer data for its paying clients' banks, lenders, collectors but withholds it from the consumer when they request it for free.

This is not negligence. It is policy.